(Pleito No. 16.—Fallado el 30 de Diciembre de 1899.)

## PORTO contra TORRE.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—TUTELA. El hecho de no constar inscrita en el Registro una tutela, da lugar á una excepción dilatoria en un pleito entablado por el tutor (art. 205 del Código Civil); pero el defecto sólo puede ser alegado por la parte contraria.

2.—UN RECURSO INTERPUESTO POR UN TUTOR no autorizado por el consejo de familia (núm. 13, artículo 269 del Código Civil), es motivo determinante para declarar la deserción del recurso por parte de los recurrentes.

### AUTO.

Puerto Rico á treinta de Diciembre de mil ochocientos noventa y nueve.—Resultando: Que el consejo de familia

de los menores Porto, autorizó al tutor Don Juan Giménez Delgado para cobrar judicialmente una deuda á Don Luis Bou de la Torre y para que confiriese, con este fin, poder á Don Damián Monserrat, otorgándoselo ante el Notario Don Mauricio Guerra el veinte de Julio último, á cuyo otorgamiento concurrió también Doña Clementina Porto y Ajamante, quien siendo ya mayor de edad lo hizo por su propio derecho.—Resultando: Que el apoderado, con dicho poder, testamento de Don Eduardo Porto Peña y pagaré vencido á su favor suscrito por Don Luis Bou, por la cantidad de setecientos setenta y dos pesos cincuenta centavos, moneda corriente, intentó, sin fruto, la preparación de la vía ejecutiva y obtuvo embargo preventivo de una finca, que se realizó el quince de Septiembre último y se anotó en el Registro de la Propiedad el diez y ocho de Octubre siguiente.—Resultando: Que el Letrado en ejercicio Don Emilio García Cuervo se personó en los autos ostentando las representaciones indicadas y designó como agente á dicho Don Damián Monserrat y á ambos se les reconoció su respectivo carácter por providencia de veinte de Septiembre citado. —Resultando: Que establecida demanda ordinaria, el Tribunal, por auto de treinta y uno de Octubre, declaró nulo y sin ningún efecto el embargo preventivo y no se admitió la demanda presentada por falta de personalidad, de cuyo auto se pidió reforma que fué denegada, se anunció y tuvo por anunciado el recurso de casación por infracción de ley, y citadas y emplazadas las partes se elevaron los autos á este Tribunal.—Resultando: Que el recurrente se personó en tiempo, fundó el recurso en el número 1º del artículo 1690 de la Ley de Enjuiciamiento Civil, citando como infringidos los artículos 1409 y 1407 de la citada Ley, la Orden Judicial publicada en la *Gaceta* de siete de Mayo último y la General número 134, sosteniendo el recurso en el acto de la vista que se verificó el veinte y seis del actual.—Considerando: Que el hecho de no constar inscrita la tutela en el Registro, es una excepción que sólo puede alegar la parte demandada

fundada en el artículo 532 de la Ley de Enjuiciamiento y 205 del Código Civil.—Considerando: Que el hecho de no constar concedida por el consejo de familia la autorización para interponer este recurso, además de ser una violación del número 13 del artículo 269 del Código Civil, constituye un defecto esencial de forma que quebranta el artículo 1720 de la Ley de Enjuiciamiento Civil y que puede ser motivo para declarar, en su oportunidad, la deserción del recurso, según la sentencia del Tribunal Supremo de Madrid de veinte y siete de Febrero de mil ochocientos noventa y siete.—No ha lugar á resolver el recurso de casación por infracción de ley interpuesto por el Letrado Don Emilio García Cuervo á nombre de los menores Porto y de Doña Clementina Porto y Ajamante, con las costas; líbrese certificación de este auto al Tribunal de Distrito de San Juan con devolución de los autos que ha remitido, y publíquese.—Lo acordaron y firman los Sres. del Tribunal de que certifico.

José S. Quiñones.—El Juez Asociado Don José C. Hernández votó por escrito, José S. Quiñones.—José Mª Figueras.—Juan Morera Martínez.—Luis de Ealo y Domínguez.—E. de J. López Gaztambide, *Secretario.*